JUDGE HOLWELL

08 CIV 3614

BLANK ROME, LLP
Attorneys for Plaintiff
WINLAND SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WINLAND SHIPPING CO. LTD.,

    Plaintiff,

-against-

ABLE SHIPPING LINES LTD.,

    Defendant.

---

08 Civ.

**VERIFIED COMPLAINT**

RECEIVED APR 15 2008 U.S.D.C. S.D.N.Y.

Plaintiff, WINLAND SHIPPING CO. LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, ABLE SHIPPING LINES LTD. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with its offices in Hong Kong, and no place of business in this District.

3. At all material times, Defendant was and is a corporation organized and existing under the laws of India or another foreign jurisdiction, with its place of business in Chittagong, Bangladesh, and no office or place of business in this Judicial District.

4. On or about June 28, 2004, Plaintiff, as Disponent Owner, entered into a charter party ("the Charter") of the M/V WIN MOONY ("the Vessel") with Defendant, as Charterer, for the carriage of a cargo of maize from India to Malaysia.

## AS A FIRST CLAIM

5. Plaintiff provided the Vessel and performed all obligations required of it under the Charter, but Defendant has failed to pay demurrage, detention, and warehouse charges, in the sum of US$304,952, despite due demand, for which Defendant is liable to Plaintiff.

## AS A SECOND CLAIM

6. Pursuant to the terms of the Charter, Defendant undertook to provide and load a cargo of 11,500 m.t. of bulk maize, and pay freight and load port demurrage within three banking days after completion of loading. The Charter provided Plaintiff a lien on cargo and subfreights for amounts owing under the Charter.

7. In breach of its obligations under the Charter, Defendant provided only 8,567 m.t. of cargo, and that cargo was moldy and mixed with impurities.

8. Plaintiff was requested to have the ship wait in port three days for additional cargo, to which Plaintiff agreed. However, no cargo was forthcoming and the port authority ordered the ship to depart.

9. In breach of its obligations under the Charter, Defendant failed to pay the freight or load port demurrage.

10. Plaintiff was exercised its lien on sub-freights owing to Defendant and collected the freight from the shipper that owned the cargo at the load port, but Plaintiff has not collected the demurrage, detention or warehouse charges.

11. By reason of the condition of the cargo and Plaintiff's right to a lien on the cargo for unpaid freight, Plaintiff issued bills of lading that gave notice of the unclean condition of the cargo at the time of loading, and incorporated the Charter's its terms of payment.

12. The shipper of the cargo of maize has filed a law suit in Malaysia claiming to be the sub-charterer of the Vessel from Defendant. The shipper claims US$1,137,673 by reason of Plaintiff's allegedly ordering the ship to depart from the load port before a balance of the 11,500 m.t. of cargo was furnished, for alleged overpayment of freight, and for refusing to issue clean, freight prepaid bills of lading.

13. The aforesaid claims arose entirely from Defendant's breaches of its obligations under the Charter to provide 11,500 m.t. of cargo in good condition and to pay freight and demurrage when due. Therefore, if Defendant is held liable to the shipper in the law suit in Malaysia, Plaintiff is entitled to indemnity for any such liability and for its costs incurred in defending the said law suit.

14. The Charter provides for the arbitration of disputes in Hong Kong, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

15. Arbitrators in Hong Kong routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

16. Plaintiff estimates it will recover interest of at least US$902,217 (including any interest that may be awarded to the shipper against Plaintiff) at a rate of 7% compounded quarterly for a period of seven years, from the date of Defendant's breaches in 2004 until the anticipated conclusion of litigation and arbitration in 2011.

17. Plaintiff estimates it will recover arbitral and legal costs of at least US$250,000.

18.     The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$2,594,842**.

19.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$2,594,842** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court award Plaintiff its damages or retain jurisdiction over this matter through the entry of a judgment on the Hong Kong arbitration award.

D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
April 15, 2008

        Respectfully submitted,
        BLANK ROME, LLP
        Attorneys for Plaintiff
        WINLAND SHIPPING CO. LTD.

        By _____
           Jack A. Greenbaum (JG 0039)
        The Chrysler Building
        405 Lexington Ave.
        New York, NY 10174-0208
        (212) 885-5000
        jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK       )
                        : ss.:
COUNTY OF NEW YORK      )

Jack A. Greenbaum, being duly sworn, deposes and says:

1.  I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2.  I have read the foregoing Complaint and I believe the contents thereof are true.

3.  The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.  The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
15th day of April, 2008

_____
Notary Public

BLANK ROME, LLP
Attorneys for Plaintiff
WINLAND SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINLAND SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> ABLE SHIPPING LINES LTD., <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.　　I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ABLE SHIPPING LINES LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.　　Defendant is a party to a maritime contract of charter party and is a foreign corporation organized and existing under the laws of India or another foreign jurisdiction, with

its place of business in Chittagong, Bangladesh, and no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
15th day April, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. ...
Certificate ...
Commission E... New York County
Nov 30, 2009